IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| **BERT ACKERMAN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) |
| **HOWMEDICA OSTEONICS** | ) |
| **CORPORATION d/b/a STRYKER** | ) Case No. 6:20-cv-03061 |
| **ORTHOPAEDICS; OSARTIS** | ) |
| **GMBH F/K/A AAP** | ) |
| **BIOMATERIALS GMBH;** | ) |
| **HOWMEDICA INTERNATIONAL** | ) |
| **S DE R.I.** | ) |
| | ) |
| **Defendants.** | ) |

## STIPULATED PROTECTIVE ORDER

Disclosure and discovery activity in this action are likely to involve production of information that Plaintiff and Defendant Howmedica Osteonics Corporation (hereinafter "HOC" or Defendant) (collectively, the "Parties") believe is confidential, proprietary, or private that may require special protection from public disclosure and from use for any purpose other than prosecuting this lawsuit. Specifically, this case involves allegations that a HOC product caused the Plaintiff to experience injuries. The Parties believe that proprietary and confidential information related to the design, manufacture, and marketing of HOC's devices and Plaintiff's personal medical information may be sought. As such, the Parties assert that there is good cause for this Court to enter a protective order pursuant to Rule 26 of the Federal Rules of Civil Procedure. Accordingly, in order to address the Parties' concerns regarding confidentiality, the parties hereby stipulate to and respectfully request that the Court to enter the following Stipulated Protective Order.

1. **Discovery Materials**

This Order applies to all products of discovery and all information derived therefrom, including, but not limited to, all documents, objects or things, deposition testimony and interrogatory/request for admission responses, and any copies, excerpts or summaries thereof, obtained by any party to this Stipulated Protective Order ("Party" and "Parties") pursuant to any court order, requests for production of documents, requests for admissions, interrogatories, or subpoena ("Discovery Materials"). This Order is subject to the provisions of the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

2. **Use of Discovery Materials**

With the exception of documents or information that have become publicly available without a breach of the terms of this Order, and except as set forth in Section 8 below, all documents, information, or other Discovery Materials produced or discovered in *Ackerman v. Howmedica Osteonics Corporation et al.*, No. 6:20-cv-03061 (W.D. of MO) ("Lawsuit") and designated as a "Confidential Document" shall be used by the receiving Party solely for the prosecution or defense of this Lawsuit, to the extent reasonably necessary to accomplish the purpose for which disclosure is made, and not for any other purpose, including any other litigation or judicial proceedings, or any business, competitive, governmental, commercial, or administrative purpose or function.

3. **"Confidential Document" Defined**

For the purposes of this Order, "Confidential Document" or "Confidential" shall mean any information entitled to protection under applicable law. Discovery Materials that are believed to warrant a "Confidential" designation are documents about Plaintiff's medical history and documents that contain confidential, proprietary, and/or private information about HOC's business

and products. Specifically, these include, but may not be limited to, Plaintiff's medical records and other documents related to the procedure at issue in this case, as well as internal HOC documents, including design and manufacturing documents and other documents containing information that is kept in a confidential manner and is not publicly available.

The terms of this Order shall in no way affect the right of any Party to withhold: (a) information on alleged grounds of immunity from discovery such as, for example, attorney-client privilege, work product, or privacy rights of such third parties as patients, physicians, clinical investigators, or reporters of claimed adverse reactions; or (b) information on alleged grounds that such information is neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. If information is redacted on the basis that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, the redacting Party shall on a separate log identify the document subject to redaction and the reason for such redaction.

Where large volumes of Discovery Materials are provided to the requesting Party's counsel for preliminary inspection and designation for production, and have not been reviewed for Confidential Document status, the producing Party reserves the right to so designate and redact appropriate Discovery Materials after they are designated by the requesting Party for production. During the preliminary inspection process, and before production, all Discovery Materials reviewed by the requesting Party's counsel shall be treated as Confidential Documents.

4. **Designation of Documents as "Confidential Documents"**

a) For the purposes of this Order, the term "document" means all tangible items, whether written, recorded, or graphic, whether produced or created by a Party or another person, whether produced pursuant to subpoena, to discovery request, by agreement, or otherwise.

b) Any document that the producing Party intends to designate as a Confidential Document shall be stamped (or otherwise have the legend recorded upon it in a way that brings the legend to the attention of a reasonable examiner) with a notation similar to the following:

**Confidential Document— Subject to Protective Order/Order.**

Such stamping or marking will take place prior to production by the producing Party, or subsequent to selection by the requesting Party for copying. The stamp shall be affixed in such a manner as not to obliterate or obscure any written material.

c) A Party may preliminarily designate as "Confidential Documents" all documents produced by a third-party entity employed by the Party for the purposes of document management, quality control, production, reproduction, storage, scanning, or other such purpose related to discovery, by notifying the counsel for the other Party that all documents being produced are to be accorded such protection. Once said documents are produced by such third-party vendor, the designating Party will then review the documents and, as appropriate, designate them as "Confidential Documents" within 45 days of production by the third-party vendor by stamping the document (or otherwise having the legend recorded upon it in a way that brings its attention to a reasonable examiner) as such.

5. **Non-Disclosure of Confidential Documents**

Except with the prior written consent of the Party or other person originally producing Confidential Documents, or as hereinafter provided under this Order, no Confidential Documents, or any portion thereof, may be disclosed to any person, including Plaintiff, except as set forth in Section 6 below.

6. **Permissible Disclosures of Confidential Documents**

Notwithstanding Section 5, Confidential Documents may be disclosed to and used only by:

4

Case 6:20-cv-03061-MDH   Document 62   Filed 10/08/20   Page 4 of 15

a) Counsel and co-counsel of record for the Parties in this Lawsuit and to his/her partners, associates, secretaries, legal assistants, and employees to the extent considered reasonably necessary to render professional services in this Lawsuit;

b) Inside counsel of the Parties, to the extent reasonably necessary to render professional services in this Lawsuit;

c) Court officials and judicial personnel involved in this Lawsuit (including clerks, courtroom personnel, court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court);

d) Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; after notice to the producing Party and an opportunity to be heard;

e) Where produced by Plaintiff, in addition to the persons described in subsections (a) and (b) of this Section, a defendant's in-house paralegals and outside counsel, including any attorneys employed by or retained by defendant's outside counsel who are assisting in connection within this Lawsuit, and the paralegal, clerical, secretarial, and other staff employed or retained by such outside counsel or retained by the attorneys employed by or retained by defendant's outside counsel.

f) Where produced by any defendant, outside counsel for any other defendant, including any attorneys employed by or retained by any other defendant's outside counsel who are assisting in connection with this Lawsuit, and the paralegal, clerical, secretarial, and other staff employed or retained by such outside counsel;

g) Persons noticed for depositions or designated as trial witnesses, or those who counsel of record in good faith expect to testify at deposition or trial, only to the extent reasonably necessary in preparing to testify;

h) Outside consultants or outside experts retained for the purpose of assisting counsel in this Lawsuit;

i) Employees of counsel involved solely in one or more aspects of copying, organizing, filing, coding, converting, storing, or retrieving data or designating programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation support system;

j) Employees of third-party contractors performing one or more of the functions set forth in (i) above;

k) Any employee of a Party or former employee of a Party, but only to the extent considered necessary for the preparation and trial of this action; and

l) Any other person, if consented to in writing in advance by the producing Party.

Any individual to whom disclosure is to be made under subsections (d) through (l) above, shall sign, prior to such disclosure, a copy of the Endorsement of Protective Order, attached as Exhibit A. Counsel providing access to Confidential Documents shall retain copies of the executed Endorsement(s) of Protective Order. Any Party seeking a copy of an endorsement may make a demand setting forth the reasons therefore to which the opposing Party will respond in writing. If the dispute cannot be resolved, the demanding Party may move the Court for an order compelling production upon a showing of good cause. For testifying experts, a copy of the Endorsement of Protective Order executed by the testifying expert shall be furnished to counsel for the Party who produced the Confidential Documents to which the expert has access, at the time the expert's designation is served, or at the time the Confidential Documents are provided to the testifying expert, whichever is later.

Before disclosing Confidential Documents to any person listed in subsections (d) through (1) who is a Customer or Competitor (or an employee of either) of the Party that so designated the Discovery Materials, but who is not an employee of a Party, the Party wishing to make such disclosure shall give at least three (3) business days advance notice in writing via facsimile, hand delivery, and/or electronic mail to the counsel who designated such Discovery Materials as Confidential Documents, stating that such disclosure will be made, identifying by subject matter category the Discovery Material to be disclosed, and stating the purposes of such disclosure. If, within the three (3) business day period, a Party objects to the proposed disclosure, disclosure is not permissible until the Court has ruled on any such dispute concerning the proposed disclosure—or, if the objecting party notifies the disclosing party in writing prior to the Court issuing a decision that it intends to appeal any ruling permitting disclosure, disclosure is not permissible until the objecting party's appellate remedies have been exhausted.

As used in this Order, (a) the term "Customer" means any direct purchaser of products from defendants, or any regular indirect purchaser of products from defendants (such as a pharmacy generally purchasing through wholesale houses), and does not include physicians; and (b) the term "Competitor" means any manufacturer or seller of lumbar fusion devices.

The notice provision immediately above applies to consultants and/or independent contractors of Competitors to the extent the consultants or contractors derive a substantial portion of their income, or spend a substantial portion of their time working for a company that manufactures or sells lumbar fusion devices.

7. **Production of Confidential Documents by Non-Parties**

Any non-Party who is producing Discovery Materials in this Lawsuit may agree to and obtain the same benefits of the terms and protections of this Order as the Parties to this Stipulated

Protective Order by designating as "Confidential Documents" the Discovery Materials that the non-Party is producing, as set forth in Section 4.

8. **<u>Inadvertent Disclosures</u>**

a) The Parties agree that the inadvertent production of any Discovery Materials that would be protected from disclosure pursuant to the attorney-client privilege, the work-product doctrine or any other relevant privilege or doctrine shall not constitute a waiver of the applicable privilege or doctrine. If any such Discovery Materials are inadvertently produced, the recipient of the Discovery Materials agrees that, upon request from the producing Party, it will promptly return the Discovery Materials and all copies of the Discovery Materials in its possession, delete any versions of the Discovery Materials on any database it maintains, and make no use of the information contained in the Discovery Materials; provided, however, that the Party returning such Discovery Materials shall have the right to apply to the Court for an order that such Discovery Materials are not protected from disclosure by any privilege. The Party returning such material may not, however, assert as a ground for such an application the fact or circumstances of the inadvertent production.

b) The Parties further agree that in the event that the producing Party or other Party inadvertently fails to designate Discovery Materials as Confidential Documents in this Lawsuit, it may make such a designation subsequently by notifying all persons and Parties to whom such Discovery Materials were produced, in writing, as soon as practicable. After receipt of such notification, the Parties to whom production has been made shall prospectively treat the designated Discovery Materials as Confidential Documents, subject to their right to dispute such designation in accordance with Section 10.

10. **Declassification**

a) Nothing shall prevent disclosure beyond that limited by this Order if the producing Party consents in writing in advance to such disclosure.

b) If at any time a Party (or aggrieved entity permitted by the Court to intervene for such purpose) wishes for any reason to dispute a designation of Discovery Materials as Confidential Documents made hereunder, such Party or aggrieved entity shall notify the designating Party of such dispute in writing, specifying: (1) the exact Bates number(s) of the Discovery Materials in dispute, and (2) the alleged ground(s) why each referenced document is not entitled to protection under the Federal Rules of Civil Procedure and this Order. The designating Party shall respond in writing within 20 days of receiving this notification. If the Parties and/or aggrieved entity are unable to amicably resolve the dispute, then the Party or aggrieved entity disputing a designation of Discovery Materials as Confidential Documents shall file an appropriate motion with the Court.

c) The Party and/or aggrieved entity challenging a Party's designation of Discovery Materials as Confidential Documents shall not disclose any of the challenged documents bearing that designation until 10 business days (or such longer time as ordered by this Court) after the Court rules on a motion concerning the Discovery Materials' protected status. If at any time before or during this 10-business-day period the designating Party notifies the challenging Party and/or aggrieved entity in writing that it intends to appeal the Court's order de-designating any documents designated as Confidential Documents, the documents subject to such order will not lose their protected designation until the designating Party has exhausted its appellate remedies.

11. **Confidential Documents in Depositions**

a. **Witness Who Is a Party.** Counsel for any party may show Confidential Documents to a deponent who is a party or a current employee of a party during a deposition and

examine the deponent about the materials so long as the deponent already knows the information contained therein or if the deponent is advised that he or she is bound by the provisions of Section 6.

   b. **<u>Witness Who Is Not a Party.</u>** A party who notices a witness who is not a party or not a current employee of a party and who anticipates showing the witness Confidential Documents shall obtain the witness's endorsement of the Stipulated Protective Order in advance of the deposition or at the time of the deposition. No Confidential Document shall be shown to the deponent until the witness has endorsed the Stipulated Protective Order unless otherwise ordered by the Court.

   c. **<u>Other Provisions</u>**. Unless a deponent, whether a party, employee of a party, or a non-party has complied with Section 6, he or she shall not retain or copy portions of the transcript of their depositions that contain Confidential information. While a deponent is being examined about any Confidential Documents or the information contained therein, persons to whom disclosure is not authorized under this Order shall be excluded from being present.

   Parties (and deponents) may, within thirty (30) days after receiving a deposition, designate pages of the transcript (and exhibits thereto) as Confidential Documents. Until expiration of such thirty (30) day period, the entire transcript, including exhibits, will be treated as subject to protection under this Order. If no Party or deponent timely designates a transcript as a Confidential Document, then none of the transcript or its exhibits will be treated as a Confidential Documents, unless the exhibits were previously designated as Confidential Documents. In that case, those exhibits and any quotations in the transcript from those exhibits will maintain their Confidential designation.

## 12. Confidential Documents Offered as Evidence at Trial

Confidential Documents and the information therein may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives sufficient notice to counsel for the Party or other person that designated the Discovery Materials or information as Confidential Documents in accordance with the rules of evidence and any local rules, standing orders, or rulings in this Lawsuit governing identification and use of exhibits at trial. If a dispute arises in connection with the use of Confidential Documents during trial, a Party may file a motion with the Court seeking relief in connection with this Protective Order.

## 13. Submission of Confidential Documents

Confidential Documents shall not be submitted to the Court except when required in connection with matters pending before the Court. The Parties will use the following procedure for submitting to the Court papers consisting of relating to, containing, incorporating, reflecting, describing, or attaching a document that has been designated "Confidential":

a) For any discovery-related motions, which can be filed only after compliance with the governing Case Management Procedures, the motion will be filed in redacted form or under seal with the Clerk. Any unredacted copy will be served on the Parties, but not filed with the Court.

b) For pretrial non-discovery-related motions, responses, or replies, any Party that intends to submit to the Court any Confidential Document agrees to provide seven (7) business days advance notice in writing via facsimile, hand delivery, and/or electronic mail to the counsel who designated such Discovery Materials as Confidential Documents. If the Party who designated such Discovery Materials as Confidential Documents objects in writing via facsimile, hand delivery, and/or electronic mail within the three (3) business days to the proposed submission of

11

Confidential Documents in conjunction with the filing of any pretrial non-discovery-related motions then a Party who designated such Discovery Materials as Confidential Documents may file a formal motion seeking relief in connection with this Protective Order, including a motion to seal all or part of the papers in accordance with the rules of evidence and any local rules, standing orders, or rulings in this Lawsuit. If a dispute arises concerning the submission of Confidential Documents in conjunction with the filing of any pretrial non-discovery-related motions, the submission of Confidential Documents is not permissible until the Court has ruled on any such dispute. After the Court disposes of any motion seeking relief in connection with this Protective Order, including a motion to seal all or part of the papers, the Clerk will file the papers on both motions in accordance with the Court's order.

When submitting a document that has been designated "Confidential" to the Court and pursuant to the procedures identified in this Section, the submitting Party shall submit only those pages of the deposition transcript, document or other matter containing "Confidential" information that is cited, referred to, or specifically relied on by the submitting Party. The submitting Party shall not submit or lodge the entirety, or other portion, of the deposition transcript, document, or other matter containing "Confidential" information.

14. **Client Consultation**

Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients in this Lawsuit and, in the course thereof, relying generally on examination of Confidential Documents; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any item so designated except pursuant to the procedures of Section 6.

12

15. **Subpoena by Other Courts or Agencies**

If another court or an administrative agency subpoenas or otherwise orders production of Confidential Documents that a Party has obtained under the terms of this Order, the Party to whom the subpoena or other process is directed shall promptly notify the designating Party in writing by facsimile, hand delivery, and/or electronic mail of all of the following:

(1) the Discovery Materials that are requested for production in the subpoena;

(2) the date on which compliance with the subpoena is requested;

(3) the location at which compliance with the subpoena is requested;

(4) the identity of the person or entity serving the subpoena; and

(5) the case name, jurisdiction and index, docket, complaint, charge, civil action or other identification number or other designation identifying the litigation, administrative proceeding or other proceeding in which the subpoena or other process has been issued.

In no event shall Confidential Documents be produced prior to the receipt of written notice by the designating Party and a reasonable opportunity to object. Furthermore, the Party receiving the subpoena or other process shall cooperate with the producing Party in any proceeding related thereto.

16. **Non-Termination**

The provisions of this Order shall not terminate at the conclusion of this Lawsuit. Within one hundred eighty (180) days after final conclusion of all aspects of this Lawsuit, if any, the Parties shall, at their option, return or destroy Confidential Documents and all copies of same. If counsel elects to destroy Confidential Documents, they shall consult with counsel for the producing Party on the manner of destruction and obtain such Party's consent to the method and means of destruction. All counsel of record shall make certification of compliance herewith and

shall deliver the same to counsel for the Party who produced the Discovery Materials not more than 120 days after final termination of this Lawsuit. Outside counsel, however, shall not be required to return or destroy any pretrial or trial records as are regularly maintained by that counsel in the ordinary course of business; which records will continue to be maintained as Confidential Documents in conformity with this Order.

17. **Modification Permitted**

Nothing in this Order shall prevent any Party from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

18. **Responsibility of Attorneys: Copies**

The attorneys of record are responsible for employing reasonable measures to control and record, consistent with this Order, duplication of, access to, and distribution of Confidential Documents, including abstracts and summaries thereof.

No duplications of Confidential Documents shall be made except for providing working copies and for providing courtesy copies to the court for *in camera* use and filing in court under seal; provided, however, that copies may be made only by those persons specified in subsections (a), (b) and (c) of Section 6 above. Any copy provided to a person described in Section 6 shall be returned to counsel of record upon completion of the purpose for which such copy was provided. To the extent any person specified in subsections (a), (b), and (c) of Section 6 above destroys copies of Confidential Documents rather than returning them to counsel of record, counsel of record who provided the Confidential Documents to the person specified in subsections (a), (b), and (c) of Section 6 above shall make certification that all copies of Confidential Documents were destroyed and shall deliver the same to counsel for the Party who produced the Discovery Materials not more than thirty (30) days after receiving written demand by the producing Party. In the event

14

of a change in counsel, retiring counsel shall fully instruct new counsel of their responsibilities under this Order and new counsel shall sign this Order.

19. **No Waiver of Rights or Implication of Discoverability**

a) No disclosure pursuant to any provision of this Order shall waive any rights or privileges of any Party granted by this Order.

b) This Order shall not enlarge or affect the proper scope of discovery in this or any other litigation; nor shall this Order imply that Confidential Documents are properly discoverable, relevant, or admissible in this or any other litigation. Each Party reserves the right to object to any disclosure of information or the production or use of documents that the producing Party designates as Confidential at depositions, hearings, other court proceedings, or in any other context on any ground it may deem appropriate.

c) The entry of this Order shall be without prejudice to the rights of the Parties, or any one of them, or of any non-Party to assert or apply for additional or different protection. Nothing in this Order shall prevent any Party from seeking an appropriate protective order to further govern the use of Confidential Documents.

20. **Improper Disclosure of Confidential Documents**

Disclosure of Discovery Materials designated as Confidential Documents other than in accordance with the terms of this Protective Order may subject the disclosing Party to such sanctions and remedies as the Court may deem appropriate.

**IT IS SO ORDERED.**

Dated: October 8, 2020            _/s/ Douglas Harpool_____
                                                                   **DOUGLAS HARPOOL**
                                                                     **United States District Judge**