# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| **BERT ACKERMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 6:20-cv-03061-MDH** |
| | ) | |
| **HOWMEDICA OSTEONICS** | ) | |
| **CORPORATIONS d/b/a STRYKER** | ) | |
| **ORTHOPAEDICS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER ON MOTION FOR RECONSIDERATION

Before the Court is Defendant Howmedica Osteonics Corporation's ("HOC") Motion for Reconsideration (Doc. 45) of the Court's previous order granting Plaintiff's Motion for Order for Alternative Service. (Doc. 44). The Court previously entered a Rule 4(f)(3) order permitting alternative service on Defendant Howmedica International ("Howmedica International") via email to HOC's counsel and by certified mail to Howmedica International's registered agent in Panama. For the reasons set forth herein, the Defendant's Motion is **SUSTAINED,** and Plaintiff is hereby **ORDERED** to pursue regular service on Howmedica International.

## STANDARD

A court's interlocutory orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b); *see also K.C.1986 Ltd. P'ship v. Reade Mfg.*, 472 F.3d 1009, 1017 (8th Cir. 2007) ("The district court has the inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment." (quoting *Murr Plumbing, Inc. v. Scherer Bros. Fin. Servs. Co.*, 48 F.3d 1066, 1070 (8th Cir. 1995)).).

**DISCUSSION**

Defendant HOC asks the Court to exercise its power and reconsider the previous order granting alternative service on Howmedica International. Defendant argues that the order was based on significant errors of fact and law. While the Court's previous order was entered in the interest of judicial economy and efficiency, the order was based on previous representations that HOC's counsel was in communication with Howmedica International about this case. After careful review of the record, including the briefings on the instant Motion, the Court finds that HOC's counsel has not been in contact with Howmedica International in any capacity, including with respect to this case. The Court therefore finds that service on Howmedica International by email to HOC's counsel is not a valid service of process. The Court also reconsidered the previous order's allowance of service on Howmedica International via mail to its registered agent in Panama in light of the instant Motion. After review of the record, the Court **ORDERS** that Plaintiff pursue regular service on Howmedica International.

**CONCLUSION**

For the reasons set forth herein, the Court **SUSTAINS** the Defendant Howmedica Osteonics Corporation's Motion for Reconsideration. Plaintiff is hereby **ORDERED** to pursue regular service on Howmedica International.


**IT IS SO ORDERED.**

Dated: October 20, 2020                                          _/s/ Douglas Harpool_____
                                                                **DOUGLAS HARPOOL**
                                                                **United States District Judge**