IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| BERT ACKERMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 6:20-cv-03061-MDH |
| ) | |
| HOWMEDICA OSTEONICS ) | |
| CORPORATIONS d/b/a STRYKER ) | |
| ORTHOPAEDICS, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Plaintiff's Motion for Certification of Final Judgment (Doc. 82). Plaintiff moves pursuant to Federal Rule of Civil Procedure 54(b) for certification of the Court's November 10, 2020 Order dismissing the claims against Osartis GmbH ("Osartis") for lack of personal jurisdiction (Doc. 70) as a final judgment. For the reasons set forth herein, the Motion is **DENIED**.

## BACKGROUND

Plaintiff filed this products liability action against three defendants, including Osartis GmbH's ("Osartis"), which is a German entity, on March 5, 2020. (Compl.; Doc. 1). Plaintiff then contacted Osartis' counsel about waiving service on March 12, which Osartis agreed to on July 22, 2020. On September 20, 2020, Osartis filed its Motion to Dismiss for Lack of Personal Jurisdiction under Federal Rule of Civil Procedure 12(b)(2) ("Motion to Dismiss"). (Doc. 53). The Court, following full briefing of the motion, granted Osartis' Motion to Dismiss on November 10, 2020. (Order; Doc.70). On December 8, 2020, Plaintiff filed a Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e) ("Motion to Alter or Amend"). (Doc. 71).

The Court, following full briefing on the motion, denied Plaintiff's Motion to Alter or Amend on January 20, 2021. (Order; Doc. 81).

## STANDARD

The typical rule is that an order is only appealable if it disposes of all claims. *See* 28 U.S.C. § 1291. Rule 54(b) creates an "exception to this rule by allowing a district court to enter a final judgment on some but not all of the claims in a lawsuit." *Downing v. Riceland Foods, Inc.*, 810 F.3d 580, 585 (8th Cir. 2016). "A Rule 54(b) determination should not be made routinely; it is only the special case that warrants an immediate appeal from a partial resolution of the lawsuit." *Outdoor Cent. Inc. v. GreatLodge.com, Inc*., 643 F.3d 1115, 1119 (8th Cir. 2011).

District courts are only permitted to issue a Rule 54(b) certification after they "express[ly] determin[e] that there is no just reason for delay." *Id.* at 1118. "In making this determination, 'the district court must consider both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals.'" *Downing*, 810 F.3d at 585 (quoting *Williams v. Cnty. Of Dakota, Neb.*, 687 F.3d 1064, 1067 (8th Cir. 2012)). "It is a long-standing rule of the Eighth Circuit that 'certification should be granted only if there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal.'" *Id.* (quoting *Hayden v. McDonald*, 719 F.2d 266, 268 (8th Cir. 1983) (per curiam)).

In determining whether a danger of hardship through delay exists, the Court should analyze the following factors:

(1) the relationship between the adjudicated and unadjudicated claims;

(2) the possibility that the need for review might or might not be mooted by future developments in the district court;

(3) the possibility that the reviewing court might be obliged to consider the same issue a second time;

(4) the presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final; and

(5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Hayden v. McDonald*, 719 F.2d 266, 268 (8th Cir. 1983).

## DISCUSSION

On balance, the *Hayden* factors weigh against issuing a Rule 54(b) certification. First, the relationship between the adjudicated and unadjudicated claims weighs against certification. The Eighth Circuit "disfavors Rule 54(b) appeals where [] the adjudicated and pending claims are closely related and stem from essentially the same factual allegations." *Outdoor Cent. Inc.*, 643 F.3d at 1119. "Where each claim 'requires familiarity with the same nucleus of facts and involves analysis of similar legal issues,' the claims 'should be resolved in a single appeal.'" *Id.* (quoting *Interstate Power Co.*, 992 F.2d at 807).

Plaintiff's pleadings show the close factual and legal relationships between Plaintiff's claims against Osartis and the other defendants. Plaintiff asserts six causes of action against Osartis and the other two defendants, alleging that the three defendants were "conspirators," "agents," and "alter egos of the other Defendants" who were collectively involved in "designing, licensing, manufacturing, distributing, selling, marketing and introducing [Simplex HV] into interstate commerce." (Dkt. No. 52-1, ¶¶ 5–6). Moreover, the central issue in this lawsuit is whether the product is defective. Plaintiff does not contest that he will largely rely on the same documents,

question the same witnesses, and solicit the same experts when he attempts to meet his burden of proof as to each defendant. Consequently, the first *Hayden* factor weighs against certification.

Looking to the second factor, the possibility that the need for review might or might not be mooted by future developments in the district court weights against certification. To prevail in this case, Plaintiff must prove that the product at issue is defective—if he cannot, this Court's decision to dismiss Osartis for lack of personal jurisdiction will be moot. *See In re Polaris Mktg., Sales Pracs. & Prods. Liab. Litig.*, No. 18-cv-0939, 2020 U.S. Dist. LEXIS 114667, at *9–10 (D. Minn. June 30, 2020) ("Although the possibility of Defendants prevailing on the merits is purely speculative, Defendants are correct that such a result likely would moot the need for appellate review…Therefore, this factor also weighs against [certification].").

Under the third factor, the possibility that the reviewing court might be obligated to consider the same issue a second time weighs against certification. In the present case, Plaintiff sued two foreign manufacturers (Osartis and Howmedica International). It is likely that Howmedica International will challenge personal jurisdiction on the same grounds that Osartis challenged this Court's jurisdiction over it. Assuming the Court certifies its ruling at issue and subsequently grants Howmedica International's potential motion to dismiss for lack of personal jurisdiction, the Eighth Circuit may be required to address a substantially same issue on multiple occasions.

The fourth factor may weigh in favor of certification. The fourth factor focuses on whether a party has asserted a claim or counterclaim that could result in setoff against the judgment sought to be made final. *See Hayden*, 643 F.3d at 269. This factor is not implicated in this case, and therefore, supports certification.

Looking to the fifth and final factor, the miscellaneous factors weigh against

certification. The final factor considers miscellaneous issues "such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like." *See id.* Plaintiff first argues that an immediate appeal would further "[j]udicial administration" because the Eighth Circuit might reverse this Court's decision while "COVID-19 travel restrictions . . . currently prevent Plaintiff from deposing Osartis's employees." (*See* Pl.'s Mot., at 5.) Plaintiff does not provide any support for that speculative position, and therefore, this argument does not weigh in favor of certification.

Plaintiff further argues, "if Plaintiff had to wait until the conclusion of the case against HOC to start and appeal…this would significantly increase costs by creating back-to-back litigations involving the same injuries" (Plaintiff's Suggestions in Support, p. 5). The Eighth Circuit has rejected this argument:

> This is simply a case where a number of defendants were sued and some of them have prevailed on a motion to dismiss. It is always true in such cases that there is a risk of having two trials. If, on appeal, plaintiffs succeed in establishing that the District Court was wrong in dismissing the complaint as to some of the defendants, then the case would have to be tried again. That is simply one of the costs of the final-judgment rule, costs which have already been weighed by Congress. The converse, of course, is that permitting appeals before final judgment causes delay, expense, and duplication of appellate process, especially in view of the fact that, statistically speaking, most appeals result in affirmances. No special circumstances exist in this case to indicate that the legislative weighing of costs and benefits that led to the final-judgment rule, a rule, incidentally, that has been the law ever since 1789, Judiciary Act of 1789, ch. XX, § 22, 1 Stat. 73, 84, should not be respected here.

*Huggins v. FedEx Ground Package Sys.*, 566 F.3d 771, 775 (8th Cir. 2009) (quoting *Bullock v. Baptist Memorial Hosp.*, 817 F.2d 58, 60 (8th 1987)).

## CONCLUSION

For the foregoing reasons, the *Hayden* factors on balance weigh heavily against 54(b) certification in this case. Therefore, the Motion (Doc. 82) is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 3, 2021          */s/ Douglas Harpool*
                              **DOUGLAS HARPOOL**
                              **United States District Judge**